**UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | |
|---|---|
| IN RE: KENDRICK ANDERSON HALL<br>JANET LEE HALL; | Case No. 07-32071-DOT |
| EMMA JEAN REDD; | Case No 08-30306-DOT |
| DWIGHT LEROY FANIEL<br>JOSANDRA LYNNE GILES-FANIEL; | Case No. 08-32001-DOT |
| LEROY FIGGURES<br>PATRICIA NADINE FIGGURES; | Case No. 08-32514-DOT |

      Chapter 13 Debtors

## **MEMORANDUM OPINION**

Debtors' counsel, The Boleman Firm, submitted applications for supplemental compensation for services in the above chapter 13 cases. The court will allow supplemental fees as set out below.

<u>Applicable Fee Guidelines in Chapter 13 Cases.</u>

The fees in these cases are subject to Standing Order 08-1 by which this court adopted new guidelines for chapter 13 attorney fee applications, effective March 17, 2008. Two sets of guidelines were provided, one for cases filed prior to the effective date of BAPCPA, October 17, 2005, and another for cases filed after that date. The fee requests considered in this opinion all relate to post-BAPCPA cases.

In summary, Standing Order 08-1 provides that attorneys representing debtors filing chapter 13 petitions, post-BAPCPA, may claim a "no look" fee in the amount of $3,000.00 and expenses of $300.00. The Order further states that this initial fee is expected to cover all attorney's "services that would reasonably be expected in order to obtain confirmation of a plan

. . ." and includes a representative list of normal services rendered in reaching confirmation. Order 08-1 states that an initial fee in excess of $3,000.00 or for supplemental fees must conform to Bankruptcy Rule 2016, which among other things requires a detailed statement of the attorney's time charges.

Exhibit 1 to Standing Order 08-1 contains specific guidelines for fee applications in chapter 13 cases filed on or after October 17, 2005, including a form of application. Exhibit 1, paragraph 2, contains detailed instructions for supplying supporting time and expense records for initial fee applications in excess of $3,000.00 and all supplemental fee applications. Paragraph 2. d. provides a menu of services that are excepted from the time record requirement provided the fee request for the service does not exceed the menu allowance. The fee amounts allowed under the menu were based upon recommendations of the chapter 13 trustees and were believed by the court to reflect an appropriate charge for relatively routine services.

In adopting Standing Order 08-1 and increasing the no look fee from $1,500.00 (for cases filed prior to October 17, 2005) to $3,000.00, the judges of the court were aware of debtors' counsel's increased obligations to their clients in chapter 13 cases, post-BAPCPA. At the same time, the judges were hopeful that the fee increase combined with the menu for supplemental fees would reduce the time that judges would be required to spend on reviewing supplemental fee applications.

Notwithstanding the guidelines with menu charges reflected in paragraph 2 of Exhibit 1, paragraph 1 of the exhibit contains the following statement:

> Compliance by applicants with the procedural requirements is mandatory, but applicants are free to apply for a fee at variance with the policy statements provided the application clearly identifies any such variance.

In the four cases considered in this opinion, The Boleman Firm has filed fee applications at considerable variance with the normal fee policy by itemizing its full time charges in the cases and claiming total compensation based on those charges. The court evaluates such fees under the familiar "lodestar method."

In the Fourth Circuit, attorney fee requests are evaluated by the so-called "Johnson factors,"[1] or lodestar method, under which various factors are applied to determine an attorney's reasonable rate and the reasonable number of hours. *See Equal Employment Opportunity Comm'n v. Service News Co.*, 898 F.2d 958, 965 (4th Cir. 1990). After application of these factors, the product of reasonable hours and a reasonable rate constitutes the lodestar figure. *See In re Great Sweats, Inc.*, 113 B.R. 240, 241-242 n.1 (Bankr. E.D. Va. 1990).[2]

In addition to listing hourly time charges, the court also requires chapter 13 supplemental fee requests to be accompanied by narrative descriptions of services included in the applications.

---

[1] *See, Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974).

[2] The 12 factors to be considered on the reasonableness of an attorney's fee include:
1) the time and labor expended;
2) the novelty and difficulty of the question raised;
3) the skill required to properly perform the services;
4) the attorney's opportunity costs in pressing litigation;
5) the customary fee for like work;
6) the attorney's expectations at the outset;
7) the time limitations imposed by client or circumstances;
8) the amount in controversy and results obtained;
9) the experience, reputation and ability of the attorney;
10) the undesirability of the case within the local legal community;
11) the nature and length of the professional relationship between attorney and client; and
12) attorney's fee awards in similar cases.

*Barber v. Kimbrell's, Inc.*, 577 F.2d 216, 226 n.28 (4th Cir. 1978), *cert.denied*, 439 U.S. 934 (1978). In *Great Sweats*, Judge Shelley stated that the Fourth Circuit approach uses a "hybrid of the lodestar and 12-factor tests." 113 B.R. at 241.

A narrative description is a critical guide to the court and must be sufficient to justify a fee, particularly where it may be higher than ordinary. For example, attorneys frequently request full time and hourly charges for plan objection and modification without stating why the circumstances justify a significant fee. The determination of a reasonable fee for plan issues can be problematic because full time charges will not ordinarily be allowed if the problem should have been anticipated by the attorney in preparing the plan.

The court generally accepts the accuracy of a law firm's time charges. Starting from the hourly charges, the court evaluates an attorney's billing primarily with respect to such factors as the novelty and difficulty of the issues, the customary fee, results obtained and attorney fee awards in similar cases. The difficulty of an issue may be evaluated by whether litigation was necessary. In chapter 13 cases, one of the more important lodestar factors is the amount attorneys charge for like services. The menu of charges adopted by the court in the standing order serves as a non-binding guide to attorney fees in eastern Virginia. Thus, although the standing order allows attorneys to bill completely on an hourly basis, the court will not approve fees that are significantly higher unless justified by the circumstances of a case.

<u>The Boleman Firm Supplemental Fee Applications.</u>

Consideration of these applications has been delayed by the necessity for Boleman to provide additional information. At the court's request, the applications break fees down by category of service in the manner required by the U.S. Trustee's fee guidelines for chapter 11 cases. In the applications considered here, the attorneys have included charges related to objections to plan confirmation and modification in the category of case management. The court requests the firm in future applications to break out these services as a separate category.

The law firm has provided comprehensive schedules of its time charges. In fact, the time entries note in explicit detail each tenth of a hour spent by the firm's attorneys and other personnel on a file. Considering the large number of different persons charging time on each file, there is a likelihood of duplication. There is also the possibility of duplication in time charges related to Boleman attendance at hearings due to the firm's attorneys attending numerous chapter 13 hearings on the same docket. Even aside from possible duplication, the charge value of the individual time entries is often difficult to assess, and such entries reflect the types of charges the court attempted to get away from reviewing when it adopted the new fee guidelines.

The court takes note of Boleman's fee claims for services that substantially exceed the guideline menu allowances. For example, for defense of stay relief motions, the guidelines allow $250.00 (uncontested) and $575.00 (contested hearing). In the *Figgures* case below, Boleman charged a total of $3,340.00 for defending two motions for relief, both of which were resolved without hearing. In the same case, the firm billed $3,062.00 for defending a trustee's motion to dismiss, which was resolved after several continuances without hearing; the menu allowance for a motion to dismiss is $150.00 (uncontested) and $500.00 (contested hearing).

**In re Hall, No 07-32071.**

The compensation application requests total fees of $7,561.50, composed of the following categories:1) case management, $4,322.00; 2) relief from stay, $2,033.00; 3) motion to dismiss, $796.50; 4) fee application, $ 410.00. Mr. Hall's former spouse has twice objected to the fee request. However, her objection is based on her own financial circumstances rather than the amount of the fee itself.

Case management charges include responding to two objections to confirmation. Both

5

objections were sustained by agreement, and two modified plans were filed. One of the objecting parties was Mr. Hall's former spouse who claimed back spousal support. The court is unable to tell from the narrative to the application whether the law firm should have anticipated the confirmation problems. No litigation was involved in either the plan objections or the motion for relief from stay, and all were resolved by agreement. The charge of $2,033.00 for a relief from stay motion of no apparent difficulty is high and has not been justified in the narrative.

Based upon the novelty and difficulty of the services and the customary fees for similar services, the court approves the following:

| | |
|---|---|
| Case management | $4,000.00 |
| Relief from stay | 750.00 |
| Motion to dismiss | 796.50 |
| Fee application, costs | 410.00 |
| Total | $5,956.50 |

**In re Figgures, No. 08-32514**

The Boleman Firm originally requested compensation in the amount of $12,000.00. After the trustee objected, the firm reduced the fee request to $9,000.00, and the trustee has consented to this amount. The initial application was broken down into the following categories:

| | | |
|---|---|---|
| Case management | 26.7 hours | $4,264.50 |
| Relief from stay | 14 hours | 3,340.00 |
| Motion to dismiss | 14 hours | 3,062.00 |
| Amendment schedules | 3.5 hours | 512.50 |
| Loan Modification | 2.7 hours | 824.50 |

|  |  |  |
|---|---|---|
| Fees, costs, application | 2.9 hours | 723.00 |
| Total |  | $12,726.50 |

Difficulties in the case included one objection to confirmation, resolved by agreement and plan modification (one hearing required) and two motions for relief, both resolved by agreement and one of which required eight hearings. Additionally, debtors encountered financial problems that required Boleman to attend three hearings on motions to dismiss. The trustee's objection was based primarily on the charge for two relief from stay motions. The court agrees the charge was excessive. In addition, a charge of over $3,000.00 on a motion to dismiss cannot be approved. Here, the services largely involved telephone calls to the client and attending hearings to request continuances until the debtor paid up. The court is aware that such services are often necessary, but they do not merit premium fees. Based upon the criteria previously relied upon, the court will approve the following:

|  |  |
|---|---|
| Case management | $4,000.00 |
| Relief from stay | 1,500.00 |
| Motion to dismiss | 1,250.00 |
| Amend schedules | 250.00 |
| Loan modification | 500.00 |
| Fee application | 400.00 |
| Total | $7,900.00 |

**In re Redd, No. 08-30306**

The application requests fees in the amount of $7,205.00. The categories requested are 1) case management, $3,391.00; 2) relief from stay, $3,434.50; 3) fee application, $379.50. In a

letter to the court, the debtor objected to the charge as being too high. Difficulties in the case included one objection to confirmation, resolved by consent, with plan modification (five hearings); two motions for relief from stay. While both relief from stay motions were resolved by consent, the debtor's continuing financial problems resulted in defaults in both consent orders, which the attorneys were able to resolve. Six hearings were necessary with one of the motions. Even so, the charge is excessive.

In accordance with the criteria previously noted, the court allows the following:

| | |
|---|---|
| Case management | $3,391.00 |
| Relief from stay | 1,750.00 |
| Application | 379.50 |
| Total | $5,520.50 |

**In re Faniel, No. 08-32001**

The attorneys request fees in the amount of $5,910.50. The initial charge of $6,460.50 was composed of the following: 1) case management, $3,605.00; relief from stay, $1,208.00; motion to dismiss, $1,205.00; fee application, $442.50. The firm reduced its total charge by the amount $550.00 to address possible attorney duplication.

In the administration of the case, there was one objection to confirmation, which was resolved by consent and required a plan modification. There was one motion for relief from stay, resolved by consent, followed by two notices of debtors' default. There was a motion to dismiss by the trustee that required a modified plan to provide sufficient funding. All of these matters required a total of six hearings. In accordance with the criteria previously discussed, the court allows the following:

|  |  |
|---|---|
| Case management | $3,605.00 |
| Relief from stay | 750.00 |
| Motion to dismiss | 750.00 |
| Fee application | <u>400.00</u> |
| Total | $5,505.00 |

While the court has made substantial reductions in The Boleman Firm's fee requests, I am mindful of the very capable services the firm renders to its clients as well as to the court. The additional information furnished by the firm in connection with these fees has greatly facilitated the court's necessary review of the applications.

The court will enter separate orders approving compensation in the amounts allowed in this opinion.

SIGNED: <u>September 29, 2009</u>

<u>/s/ Douglas O. Tice Jr.</u><br>
DOUGLAS O. TICE JR.<br>
CHIEF UNITED STATES BANKRUPTCY JUDGE

Copies to:

John Russell Bollinger, Esquire
Boleman Law Firm
P.O. Box 11588
Richmond, Virginia 23230-1588
*Counsel for Chapter 13 Debtors*

Robert E. Hyman, Esquire
P.O. Box 1780
Richmond, Virginia 23218-1780
*Chapter 13 Trustee*

Carl M. Bates, Esquire
P.O. Box 1819
Richmond, Virginia 23218-1819
*Chapter 13 Trustee*

Kendrick Anderson Hall
Janet Lee Hall
12630 Buffalo Nickel Drive
Midlothian, Virginia 23112
*Chapter 13 Debtors*

Leroy Figgures
Patricia Nadine Figgures
14013 Buck Rub Drive
Midlothian, Virginia 23112
*Chapter 13 Debtors*

Emma Jean Redd
2005 Colston Street
Petersburg, Virginia 23805
*Chapter 13 Debtor*

Dwight Leroy Faniel
Josandra Lynne Giles-Faniel
8268 Quailfield Court
Mechanicsville, Virginia 23116
*Chapter 13 Debtors*